IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DANIEL § | | |
|     Plaintiff, § | | C.A. NO. 4:09-CV-04140 |
| vs. § | | |
| § | | |
| UNIVERSAL ENSCO, INC. § | | JURY TRIAL REQUESTED |
|     Defendant § | | |

## FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT**:

COMES NOW, Plaintiff John Daniel ("Daniel") complaining of Universal Ensco, Inc. ("Universal") and for cause therefore would show the Court as follows:

### I.
### THE PARTIES

1. Plaintiff John Daniel is an individual residing in Fremont, California.

2. Defendant Universal Ensco, Inc. is a foreign corporation duly authorized to transact business in the state of Texas. No service is necessary at this time.

### II.
### JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction in this case pursuant to Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Sections 621-634, and supplemental jurisdiction as to the Texas Commission on Human Rights Act, as codified in the

Texas Labor Code Section 21.001, et seq. Venue is proper in the United States District Court for the Southern District of Texas, Houston, Division, pursuant to 28 U.S.C. Section 1391(b).

### III.
### FACTUAL BACKGROUND

4. In this amended complaint, whenever it is alleged that the Defendant did any act or thing, unless otherwise stated, this means that Defendant's officers, agents, servants, employees, attorneys or representatives did such act or thing, and that at the time such act or thing was done, it was done with a full expressed, implied, or apparent authorization or ratification or was done in the normal routine course and scope of employment of the Defendant's officers, agents, servants, employees, attorneys or representatives.

5. Universal Ensco, Inc. provides international engineering design, project management, and field services to the pipeline, oil and gas, telecommunications, and power distribution industries. Its services include feasibility and economic studies, project management, design engineering, pipeline survey, procurement services, construction management, integrity management, right-of-way and land acquisition, commissioning and start-up, global positioning systems/geoplane services, geographic information systems, and international projects and specialty works. Universal Ensco, Inc. was founded in 1982 and is based in Houston, Texas. The company also has operating office in Tulsa, Oklahoma and project field

offices in the United States. Universal Ensco, Inc. is a subsidiary of Universal Associates.

6. On information and belief, Universal has more than 500 employees.

7. Daniel began working for Universal July 3, 2008, and was terminated on February 13, 2009.

8. Plaintiff is a registered engineer and was hired by the Defendant in the capacity of Lead Mechanical Engineer.

9. As a regular full-time employee Daniel was eligible to participate in the employee benefits program as set out in their Employee Handbook.

10. Plaintiff had been commended on his work on numerous occasions.

11. Daniel determined that he was being discriminated against on numerous illegal bases, including his age, 65 at the time.

12. On December 17, 2008, Mr. Pano Zhonga, Vice President and Director of the Facility Group, gave Daniel a performance evaluation that was wrong and in actuality a pretext for discrimination.  The review gave Daniel a rating of 3 out of a possible 10.

13. Daniel was extremely dissatisfied with his rating and performance review, due to the fact that he had completed an assigned project in a relatively short period of time.  All of this was accomplished in spite of the fact that management denied Daniel appropriate resources and personnel.

14. Plaintiff would show the Court that he was also illegally discriminated against by his employer because of his national origin, Iranian, and because of his religion, Muslim

15. On January 9 and February 2, 2009 Plaintiff sent specific complaints to Human Resources of the company concerning Zhonga and Mr. John Andrus. In those complaints, Plaintiff provided documentation evidencing the actions of Zhonga and Andrus and statements made by them which were false. Daniel explained that these individuals were acting in a conspiracy against him by creating false accusations against him.

16. On February 13, 2009, Plaintiff was terminated by a Human Resources representative without being given any reason for his termination

17. Plaintiff would show the Court that because of his complaints and resistance to the discriminatory acts of the Defendant's company that he was illegally retaliated against.

18. Plaintiff has performed all conditions precedent and necessary to the filing of this suit.

19. By virtue of the illegal conduct of the Defendant, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

20. Such conduct on the part of the Defendants is of the type and nature that permits the award of punitive or exemplary damages to punish the Defendant and

deter such conduct on the part of others. Plaintiff requests that the finder of fact award damages in an amount found appropriate for the illegal conduct of the Defendant company.

## IV.
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

21. Plaintiff brings this cause of action against the Defendant for violation of Title VII of the Civil Rights Act for damages resulting from illegal discrimination on the basis of race, religion, national origin and illegal retaliation. Plaintiff incorporates all factual allegations contained in this complaint as if repeated verbatim herein.

22. Reinstatement is inappropriate in this situation. Plaintiff therefore should be entitled to back pay, front pay, compensatory damages, pre-judgment interest and post-judgment interest for the illegal discrimination on the basis of religion, national origin and race and illegal retaliation.

23. Daniel is also entitled to the award of reasonable and necessary attorney fees for the necessity of bringing and prosecuting this case and contingent amounts for any appeal Plaintiff.

## V.
## AGE DISCRIMINATION IN EMPLOYMENT

24. Plaintiff brings this cause of action against the Defendant for violation of the Age Discrimination in Employment Act of 1967, as amended ("ADEA"). Plaintiff incorporates all factual allegations in this cause of action.

25. Plaintiff would show that (1) he was discharged, (2) he was qualified for position, (3) he was within protected class at time of discharge, and (4) he was either (i) replaced by someone outside protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of his age.

26. Plaintiff requests that he be awarded back pay, future pay, liquidated damages, reasonable attorney fees including contingent awards for any appeal and all other statutory and equitable relief available under the Act.

## VI.
## VIOLATION OF THE TEXAS COMMISSION ON HUMAN RIGHTS ACT

27. Plaintiff also brings this cause of action against the Defendant for violation of the Texas Commission on Human Rights Act (the "Act"). Plaintiff incorporates paragraphs all factual allegations as if repeated herein verbatim.

28. The Defendant violated provisions of the Act by discriminating against him on the basis of his race, religion, national origin and age.

29. Plaintiff's termination constitutes illegal retaliation under Sections 21.051 and 21.055 of the Act. The Act provides that an employer commits an unlawful

employment practice if it discriminates against a person who opposes the discriminatory practice or who makes or files a charge of discrimination.

30. Plaintiff would show that the manner in which he was treated by his employer evidences malice or reckless indifference to his protected rights under the Act.  Such actions by the Defendant were intentional.

31. By virtue of the Defendant's discriminating against the Plaintiff, he is entitled to recover not only equitable relief, but also compensatory and punitive damages and Plaintiff seeks an award for such damages.

32.  Plaintiff seeks the award of back pay and interest on back pay.

33. Plaintiff is entitled to an award of compensatory damages, including damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other pecuniary losses.

34.  Plaintiff has performed all conditions precedent and necessary to the filing of this suit.

35.  Plaintiff also respectfully requests that he be awarded reasonable attorneys fees and expert's fees in accordance with the Act.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited according to law and that upon final trial hereof, that he have judgment against the Defendant for equitable relief as found appropriate by the Court, back pay, compensation for future lost wages, compensatory damages, expert fees, costs

of Court, attorneys fees, both pre-judgment and post-judgment interest, and for violation of the ADEA back pay, future pay, liquidated damages, attorney's fees and pre-judgment and post-judgment relief, and for such other and further relief to which he may show himself entitled or the circumstances may warrant.

        Respectfully submitted,

        By: /s/ Glenn W. Patterson, Jr.
           Glenn W. Patterson, Jr.
           11 Greenway Plaza, Suite 2820
           Houston, Texas 77046
           State Bar No. 15612500
           S.D. Tex.  ID No. 1369
           (713) 961-1200 Telephone
           (713) 961-0941 Facsimile

**ATTORNEY FOR PLAINTIFF**
**JOHN DANIEL**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was sent via electronic means to opposing counsel through the ECF system on July 31, 2010.

Mr. Charles H. Wilson           Fax: (713) 750-3101
Epstein Becker Green Wickliff & Hall, P.C.
1000 Louisiana, Suite 5400
Houston, Texas 77002-3100

        */s/ Glenn W. Patterson, Jr.*
          Glenn W. Patterson, Jr.